UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IVAN RAY BLACK,

       Petitioner,

v.                                       Case No. 11-13769

OAKLAND COUNTY,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS PETITION AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Ivan Ray Black has filed a *pro se* application for the writ of habeas corpus.  The pleading purports to challenge Petitioner's Oakland County conviction for assault on a prison employee, third offense.  Petitioner alleges that he was convicted in 2006 or 2007 and sentenced to imprisonment for one to eight years.

Petitioner's grounds for relief are difficult to decipher, and they have no obvious relationship to Petitioner's conviction for assault on a prison employee.  Instead, the claims and exhibits to the petition focus on Petitioner's status as a transgendered male and the conditions of his confinement.

Even assuming that Petitioner properly raised his claims in a habeas corpus petition, the doctrine of exhaustion of state remedies requires him to present his claims to the state court before raising them in a federal habeas corpus petition.  *See* 28 U.S.C. §§ 2254(b)(1)(A) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary

review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State . . . ." *O'Sullivan*, 526 U.S. at 845, 847.  This means that a habeas petitioner must first present his or her issues to the state court of appeals and to the state supreme court.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)).  "It is the petitioner's burden to prove exhaustion," *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)), and "[a]lthough the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Wagner v. Smith*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

An exhibit to the habeas petition indicates that Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals.  The Court of Appeals dismissed the application without prejudice for failure to pursue the case in conformity with the Michigan Court Rules.  *See People v. Black*, No. 296936 (Mich. Ct. App. June 3, 2010).  Petitioner has not alleged or demonstrated that he corrected the error and re-submitted his application to the Michigan Court of Appeals.  Nor has he shown that he pursued his claims in the Michigan Supreme Court.  Consequently, he has failed to prove that he exhausted state remedies for his claims by fairly presenting the claims to both state appellate courts.

Finally, the court will also decline to issue a certificate of appealability to Petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not disagree that Petitioner has failed to show he has exhausted his claims, the court will decline to issue Petitioner a certificate of appealability.  *See Grayson v. Grayson*, 185 F.Supp.2d 747, 753 (E.D. Mich. 2002).  Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus [Dkt. #1] is DISMISSED without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

   S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: September 30, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2011, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-13769.BLACK.HabeasDismissal.bh.wpd